UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN PIMENTEL,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO, N.A.,<br><br>Defendant. | Case No. 14-cv-05004-EDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 12 |

Before the Court is Defendant's Motion to Dismiss Plaintiff's complaint. For the reasons stated at the hearing and in this Order, Defendant's Motion to Dismiss is granted with leave to amend.

**Allegations from the complaint**

Plaintiff obtained the mortgage loan that is the subject of this case on July 15, 2004. Compl. ¶ 8. The loan was a negative amortization loan that was structured so that Plaintiff's payments would not be sufficient to satisfy the interest accruing on the loan and the principal balance would rise over time rather than decrease as with other loans. Id.

Beginning in 2012, and continuing to the present, Plaintiff has been unable to afford her mortgage payments and has been trying to obtain a loan modification with Defendant so that she can afford her payments. Compl. ¶ 9. Plaintiff alleges that Defendant has delayed the modification process and caused Plaintiff to incur penalties and late charges in addition to the added expense associated with the failure to offer a modification, which should have taken only three months. Compl. ¶ 10.

Plaintiff alleges that during the loan modification process, Defendant requested financial documents that Plaintiff was not otherwise obligated to provide. Compl. ¶ 11. Plaintiff provided those documents, which were then either lost or not reviewed for months. Id. Plaintiff alleges that

1  Defendant then called her to say that it had not received the documents.  Id.  Plaintiff alleges that
2  Defendant told her that her loan modification was under review, but that this was not true.  Compl.
3  ¶ 112.  Plaintiff alleges that Defendant mishandled the loan modification application by using the
4  wrong criteria and financial data to evaluate it.  Compl. ¶ 13.

**Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions."  Iqbal, 129 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 1950.  Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief."  Id.  Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ."  Id. at 1949 (internal quotation marks omitted) & 1950.  That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

**Discussion**

**1.      Plaintiff's negligence claim is dismissed with leave to amend.**

Plaintiff alleges that Defendant owed a duty to Plaintiff regarding the servicing of the loan and during the modification process because Defendant took action and made representations to Plaintiff about the loan.  Compl. ¶ 16.  Plaintiff alleges that Defendant's actions were more extensive than those of a typical lender.  Id.  Plaintiff alleges that Defendant breached the duty of

1  care by losing documents, failing to acknowledge that documents were received, unreasonably
2  delaying the process, assigning inexperienced employees to review the loan application, failing to
3  assign a single point of contact, incorrectly applying the loan modification criteria, failing to return
4  calls from Plaintiff, failing to properly assess Plaintiff's financial condition and generally failing
5  to properly evaluate Plaintiff's modification application.  Compl. ¶ 17.  Plaintiff alleges that
6  because of Defendant's breach, Plaintiff was not given a loan modification that she could afford,
7  and that she suffered damages.  Compl. ¶ 18.

8  Under California law, the elements of a claim for negligence are "(a) a legal duty to use
9  due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the
10 resulting injury." Ladd v. County of San Mateo, 12 Cal.4th 913, 917, 50 Cal.Rptr.2d 309, 911
11 P.2d 496 (1996) (internal citations and quotations omitted); see also Cal Civ Code § 1714(a).  In
12 general, "a financial institution owes no duty of care to a borrower when the institution's
13 involvement in the loan transaction does not exceed the scope of its conventional role as a mere
14 lender of money." Nymark v. Heart Fed. Savs. & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (1991).
15 "Liability to a borrower for negligence arises only when the lender 'actively participates' in the
16 financed enterprise 'beyond the domain of the usual money lender.'" Id. (internal citation
17 omitted).  In Nymark, the court held a lender owed no duty of care to a borrower in preparing an
18 appraisal of the real property security for the loan when the purpose of the appraisal is to protect
19 the lender by satisfying it that the collateral provided adequate security for the loan.  The court
20 reached this holding by considering the six factors identified in Biakanja v. Irving, 49 Cal.2d 647,
21 649-50 (1958) to determine whether to recognize a duty of care: (1) the extent to which the
22 transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3)
23 the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection
24 between the defendant's conduct and the injury suffered, (5) the moral blame attached to the
25 defendant's conduct, and (6) the policy of preventing future harm. Id. at 1092.

26 There is a split of authority in California state courts as to whether a lender owes a duty of
27 care in processing a loan modification application.  The California Court of Appeal held that there
28 is no such duty in Lueras v. BAC Home Loans Servicing, 221 Cal.App.4th 49, 67 (2013) ("We

United States District Court
Northern District of California

1  conclude a loan modification is the renegotiation of loan terms, which falls squarely within the

2  scope of a lending institution's conventional role as a lender of money. . . . The Biakanja factors do

3  not support imposition of a common law duty to offer or approve a loan modification."). More

4  recently, however, the appellate court found that there was a duty of care in processing a loan

5  modification application. See Alvarez v. BAC Home Loans Servicing, 228 Cal.App.4th 941, 948

6  (2014) ("Here, because defendants allegedly agreed to consider modification of the plaintiffs'

7  loans, the Biakanja factors clearly weigh in favor of a duty."). The Alvarez court reasoned:

> The transaction was intended to affect the plaintiffs and it was entirely foreseeable that failing to timely and carefully process the loan modification applications could result in significant harm to the applicants. Plaintiffs allege that the mishandling of their applications "caus[ed] them to lose title to their home, deterrence from seeking other remedies to address their default and/or unaffordable mortgage payments, damage to their credit, additional income tax liability, costs and expenses incurred to prevent or fight foreclosure, and other damages." As stated in Garcia, "Although there was no guarantee the modification would be granted had the loan been properly processed, the mishandling of the documents deprived Plaintiff of the possibility of obtaining the requested relief." (Garcia, supra, 2010 WL 1881098, p. *3, 2010 U.S. Dist. Lexis 45375, p. *9.) Should plaintiffs fail to prove that they would have obtained a loan modification absent defendants' negligence, damages will be affected accordingly, but not necessarily eliminated.
>
> With respect to whether defendants' conduct was blameworthy—the fifth Biakanja factor—it is highly relevant that the borrowers "ability to protect his own interests in the loan modification process [is] practically nil" and the bank holds "all the cards." (Jolley, supra, 213 Cal.App.4th at p. 900, 153 Cal.Rptr.3d 546.) . . . .
>
> The borrower's lack of bargaining power coupled with conflicts of interest that exist in the modern loan servicing industry provide a moral imperative that those with the controlling hand be required to exercise reasonable care in their dealings with borrowers seeking a loan modification. . . .
>
> The policy of preventing future harm also strongly favors imposing a duty of care on defendants. As noted in Jolley, supra, 213 Cal.App.4th at page 903, 153 Cal.Rptr.3d 546, "[T]he California Legislature has expressed a strong preference for fostering more cooperative relations between lenders and borrowers who are at risk of foreclosure, so that homes will not be lost." . . . .

Alvarez, 228 Cal.App.4th at 948-49. The Court is persuaded by the reasoning in Alvarez. Here, Plaintiff alleges, among other things, that during the loan modification process, Defendant lost documents, used the wrong criteria in evaluating her loan modification application, failed to

4

1  properly assess Plaintiff's financial condition and failing to return Plaintiff's calls.  Compl. ¶¶ 11-
2  13.  The Biakanja factors weigh in favor of finding a duty of care in this case.  First, the
3  transaction would have been intended to affect Plaintiff by reducing the mortgage payments.
4  Further, the potential harm to Plaintiff from mishandling the application processing was readily
5  foreseeable; the loss of an opportunity to keep the home was the inevitable outcome.  Although
6  there was no guarantee the modification would be granted had the loan been properly processed,
7  the mishandling of the documents deprived Plaintiff of the possibility of obtaining the requested
8  relief.  In addition, there is a close connection between Defendant's conduct and any injury
9  actually suffered, because, to the extent Plaintiff qualified and would have been granted a
10 modification, Defendant's conduct in misdirecting the papers submitted by her directly precluded
11 the loan modification application from being timely processed.  Whether or not moral blame
12 attaches to Defendant's specific conduct and whether or not Plaintiff has suffered a certain injury
13 are not clear at this stage of the proceedings.  The other factors, however, weigh in favor of
14 finding a duty of care.  Thus, Plaintiff has adequately alleged this aspect of her negligence claim.

15 However, Plaintiff's negligence claim is subject to dismissal for failure to plausibly allege
16 that the mishandling of the loan modification caused her injury and that she suffered injury.  At
17 the hearing, Plaintiff stated that had Defendant correctly processed the modification agreement,
18 Plaintiff would have obtained a loan modification and would not be subject to foreclosure
19 proceedings.  The complaint does not contain these allegations of causation and damages
20 sufficiently to state a claim for negligence in accordance with Alvarez.  See Alvarez, 228
21 Cal.App.4th at 951 (finding that Plaintiff's allegations as to causation and damages were
22 sufficient: "the improper handling of their applications deprived them of the opportunity to obtain
23 loan modifications, which they allege they were qualified to receive and would have received had
24 their applications be properly reviewed, and alternatively, that the delay in processing deprived
25 them of the opportunity to seek relief elsewhere.").  The Court will give Plaintiff an opportunity to
26 amend the complaint to allege causation as well as damages if she can do so in good faith.

27 **2.      Plaintiff's other claims are dismissed without leave to amend.**
28 At the hearing, Plaintiff agreed to dismissal of her fraud claim without leave to amend.

Also, as Plaintiff acknowledged at the hearing, because negligence cannot form the basis for a claim under California Business & Professions Code section 17200, Plaintiff's section 17200 claim is dismissed without leave to amend. Finally, Plaintiff agreed to dismiss her claim for injunctive relief without leave to amend.

**Conclusion**

Defendant's Motion to Dismiss is granted. Leave to amend is granted as to Plaintiff's negligence claim only. Plaintiff shall file an amended complaint no later than March 16, 2015. The Court will set a Case Management Conference at a later date.

**IT IS SO ORDERED.**

Dated: February 26, 2015

_____
Elizabeth D. Laporte
United States Magistrate Judge